IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA MARY HOEKSTRA,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE FARM GENERAL INSURANCE COMPANY,<br><br>    Defendant. | No. C 12-06328 CRB<br><br>**ORDER REMANDING CASE** |

Now before the Court is a fully briefed motion to remand filed by Plaintiff Victoria Mary Hoekstra. Having carefully considered the party's papers and the available record, the Court GRANTS the motion. The Court does so without oral argument. Civil L.R. 7-1(b).

## I.   INTRODUCTION

Hoekstra alleges that, on October 4, 2011, she suffered a "sudden moth infestation" in her apartment. Compl. (dkt. 1, Ex. A) ¶ 5. The moths destroyed "clothing, a large wool rug, curtains and throws" allegedly worth $16,500. Id. ¶¶ 5-6. Hoekstra had renter's insurance through Defendant State Farm General Insurance Company ("State Farm"), so she filed an "inquiry claim" to ascertain whether her policy covered moth damage. Hoekstra alleges that State Farm representatives told her at first that her policy would cover the damage, only later to reverse course and deny her claim. By that time, however, Hoekstra had begun to purchase replacement items, had released her landlord from liability, and had converted her

1 inquiry into an official claim, which would raise her renter's insurance premium. See
2 generally id. ¶¶ 11-21.

3     Following the denial of her claim, Hoekstra demanded from State Farm payment of
4 $16,000. Id. ¶ 23. State Farm did not meet her demand and, on October 3, 2012, Hoekstra
5 filed a complaint in Alameda County Superior Court against State Farm and twenty Does.
6 Hoekstra's complaint sets forth five causes of action: (1) breach of contract, (2) breach of
7 contract/agreement to cover loss, (3) breach of the covenant of good faith and fair dealing,
8 (4) fraud and deceit, and (5) unfair business practices. On October 12, 2012, Hoekstra
9 attempted to serve State Farm through an insurance agent's Vallejo office, rather than
10 through State Farm's official agent for process. Not. of Removal (dkt. 1) ¶ 2. Nevertheless,
11 State Farm received a copy of the complaint and, on November 15, 2012, agreed with
12 Hoekstra's counsel to respond to the complaint by December 14, 2012, thereby waiving
13 formal service. See id. ¶ 3. On December 13, 2012, State Farm timely removed the case to
14 this Court.[1]

**II.    DISCUSSION**

Hoekstra's fifth cause of action for "unfair business practices" is the key to the instant motion to remand, since State Farm removed Hoekstra's case to this Court on the basis of a federal question purportedly raised there. See Not. of Removal ¶ 5.[2] Whether Hoekstra's fifth cause of action actually does raise a federal question, or merely makes illustrative reference to a federal statute, is the crux of the parties' dispute. The Court, however, need

---

[1] Defendants have only thirty days to remove following receipt of a complaint "through service or otherwise." 28 U.S.C. § 1446(a). However, the thirty-day clock does not start to run until the plaintiff perfects service. Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999).

[2] Paragraph five of State Farm's Notice of Removal states, in pertinent part:

> This action is a civil action over which this court has original jurisdiction under the provisions of 28 U.S.C. section 1441, 28 U.S.C. section 1331, and 28 U.S.C. section 1337, in that it presents a federal question. Plaintiff's Fifth Cause of Action in the complaint is founded on a claim or right arising under the laws of the United States, namely unfair or deceptive business practices under 15 U.S.C. section 45(a)(1) of the Federal Trade Commission Act.

2

not pass on all the arguments raised by the parties because the result will be the same whether the Court grants or denies Hoekstra's motion: Hoekstra's case will end up back in state court.

Hoekstra's fifth cause of action cites to three statutes: California's Unfair Business Practices Act ("UBPA"), Cal. Bus. & Prof. Code §§ 17500 et seq., California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq., and the Federal Trade Commission Act ("FTCA"), 15 U.S.C. § 45(a)(1).[3] All three statutes are consumer protection laws proscribing unfair competition and business practices. Hoekstra argues that her reference to 15 U.S.C. § 45(a)(1) is merely illustrative and not intended to stand as an independent cause of action. Mot. at 5-6. She acknowledges, correctly, that Congress created no private right of action to enforce § 45(a)(1) and that she therefore lacks standing to do so. See id. at 6. The FTCA rests that "initial remedial power solely in the Federal Trade Commission." Dreisbach v. Murphy, 658 F.2d 720, 730 (9th Cir. 1981) (citing Carlson v. Coca-Cola Co., 483 F.2d 279 (9th Cir. 1973)). Hoekstra points out that, since her federal claim is obviously deficient, if the Court were to deny her motion to remand, it would ultimately have to dismiss her FTCA "claim" as a matter of law. The Court then would be left to exercise supplemental jurisdiction over her four remaining state-law claims. Mot. at

---

[3] The single substantive paragraph of Hoekstra's fifth cause of action alleges:

> Defendants' actions violate many aspects of the California Unfair Business Practices Act which under Civil Code [sic] section 17,500 prohibits false advertising and false and misleading statements concerning property and professional services; and which under Civil Code [sic] section 17,200 prohibits unfair, unlawful or fraudulent business acts or practices and unfair, deceptive, untrue or misleading statements concerning property and professional services. Defendants' actions also violate many aspects of the UAPD, section 5(a)(1) of the Federal Trade Commission Act which prohibits "unfair or deceptive acts or practices" with broad applicability to consumer transactions and is aimed at protecting consumer deception and abuse in the marketplace. 15 U.S.C. section 45(a)(1). Finally, the California Business Prof. Code section 17,020 [sic] prohibits "any unlawful, unfair or fraudulent business act or practice."

Compl. ¶ 46. At first blush, the paragraph seems to cite to four statutes. However, the second and fourth citations are duplicative: Both refer to California Business and Professions Code section 17200. Moreover, the references to the California Civil Code should refer to the Business and Professions Code. See Mot. (dkt. 8) at 4 n.1 (acknowledging errors).

6-7. State Farm does not dispute this point, but frames it as a reason for the Court to *retain* jurisdiction. Opp'n (dkt. 9) at 5-6.

The point, though, cuts the other way. When a federal court has dismissed all the claims over which it has original jurisdiction, the exercise of supplemental jurisdiction is discretionary. 28 U.S.C. § 1367(c). In the absence of diversity or some other jurisdictional "hook," district courts frequently decline to exercise supplemental jurisdiction over cases that present only state-law issues. And, where such a case was removed to federal court rather than filed there initially, not only is remand authorized, but usually "the balance of factors to be considered [ . . . ]–judicial economy, convenience, fairness, and comity–will point toward" remand. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988). Moreover, it is well-settled that there is a "strong presumption against removal jurisdiction" and that "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Here, State Farm's right to removal was doubtful in the first instance. Given the overall cast of the complaint, Hoekstra's reference to the FTCA is most plausibly read as gesturing toward a body of law that bolsters her state-based unfair competition claims. California courts construing the UCL commonly look to federal cases construing the FTCA. See, e.g., Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal. 4th 163, 185-86 (Cal. 1999) (in seminal case construing "unfairness" prong of UCL, "turn[ing] for guidance to the jurisprudence" of FTCA); People ex rel. Mosk v. Nat'l Research Co. of Cal., 201 Cal. App. 2d 765, 773 (Cal. Ct. App. 1962) (federal cases construing FTCA are "more than ordinarily persuasive" for California courts construing UCL). Hoekstra's reference to the FTCA is best read as a mere reference to this body of law, especially when her complaint lacks class allegations and seeks damages in an amount more suggestive of small-claims than federal jurisdiction. In sum, the doubtfulness of the presence of a federal question on the face of Hoekstra's complaint, by itself, warrants remand. Gaus, 980 F.2d at 566.

Even if remand were not warranted, however, and the Court were to retain jurisdiction, it would do so only to dismiss Hoekstra's purported FTCA "claim" as a matter

4

of law. At that point, having only supplemental jurisdiction over the case, the Court would remand the matter to state court, as Cohill counsels. Denying the motion to remand would result in nothing more than a pointless and expensive boondoggle to federal court. As the matter stands, State Farm risks spending more trying to keep this case in federal court than it would have spent settling Hoekstra's claim in the first place.

Plaintiff Victoria Mary Hoekstra's motion to remand is GRANTED. The motion hearing set for February 22, 2013 is VACATED. The Court ORDERS the Clerk to remand this action to the California Superior Court in and for the County of Alameda, where it bore case number RG12 650527.

**IT IS SO ORDERED.**

Dated: February 12, 2013 　　　　　　　　　CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE